**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BARBARA NICHOLS** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| | ) | **Judge** |
| **EDWARD JONES INVESTMENT** | ) | |
| **SERVICES,** | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

<u>**COMPLAINT**</u>

NOW COMES the Plaintiff, Barbara Nichols, (hereinafter "Plaintiff' and/or "Nichols"), by and

through her undersigned Counsel, and upon knowledge and belief as to all allegations of which

she so possesses and upon information and belief as to all other allegations, complains of the

Defendant, Edward Jones (hereinafter "Defendant") as follows:

<u>NATURE OF THE CASE</u>

1.      Plaintiff Nichols brings this five (5) Count Complaint against Defendant Edward Jones,

seeking damages for Defendant's egregious age discrimination, gender (hostile environment)

discrimination, and unlawful retaliation.

2.      This case is about Edward Jone's blatant, willful, deliberate attempts to violate the law

through its refusal to comply with TITLE VII, 42 U.S.C. §2000(e) et seq, its retaliation against

Plaintiff for complaining about sex discrimination and age discrimination and its violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. Sec. 621 et seq.

3.    Plaintiff was constructively discharged after she complained about the hostile environment she was working under as a result of the conduct of Mark West, her supervisor.

4.    There was no legitimate non-discriminatory basis for the treatment she suffered.

5.    Plaintiff was an outstanding employee of Defendant; she made substantial contributions to Defendant's operations, and during all relevant times performed her job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

6.    Plaintiff has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of Defendant's illegal conduct as alleged herein.

## JURISDICTION AND VENUE

7.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and Title VII, 42 U.S.C. §2000(e) et seq.

8.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §139l (b) and (c). Defendant does business in the Northern District of Illinois and the Plaintiff is a resident of the Northern District of Illinois. Defendant is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

9.    Plaintiff Barbara Nichols is a resident of Lynwood, Illinois.

10.    Plaintiff's age is 60.

11.     Plaintiff was employed by Edward Jones from December 26, 2007 until July 28, 2008.

12.     Plaintiff was a branch office assistant employed by Edward Jones

12.     Defendant Edward Jones Investment Services is an Illinois corporation doing business in the State of Illinois.

13.     Defendant Edward Jones Investment Services is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning within the meaning of Title VII, of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. sec. 621 et. seq.


## PROCEDURAL REQUIREMENTS


14.     Plaintiff fulfilled all conditions precedent to the institution of this action.

15.      Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on February 19, 2009 alleging violations of the ADEA, Hostile Environment and Retaliation *Exhibit "A"*.

16.     The commission issued a "Notice of Right to Sue (Issued on Request)" dated June 22, 2010. *See Right to Sue attached hereto as Exhibit "A".* Plaintiff received the right to sue on June 25, 2010.

17.     Plaintiff has timely filed this lawsuit within ninety (90) days from the receipt of the notice of the right to sue.

## COMMON ALLEGATIONS

18.     Plaintiff was hired to work for the Defendant as a branch office trainee.

19.     During her training period the supervisor, Mark West, intentionally harassed the Plaintiff, including forcing her to take the mandated tests early, swore at her, lied about her performance on performance evaluations, yelled at her and bullied her.

20.      When the Plaintiff complained to the Defendant about Mark West' conduct, instead of investigating the situation the Defendant placed a written warning for insubordination in her file.

21.     When the situation at work became unbearable the Plaintiff quit on July 28, 2008.

22.     Plaintiff was the fourth woman to quit within the first six months of working for Mark West because of the hostile environment. One woman remained for three months, one remained for five weeks and final one remained for only two weeks.

23.     Mark West' treatment of males was significantly less hostile than the treatment of the Plaintiff and other women in the office.

24.     Plaintiff sought a transfer because of the treatment but the Defendant failed to take any action to address the harassment. The harassment became so severe that Plaintiff was constructively discharged on July 28, 2008.

25.     Mark West informed the Plaintiff that if she did not "step up to the plate" he would get an 18 year old to replace her.

26.     Mark West threatened to terminate the Plaintiff multiple times.

**COUNT I** (ADEA CLAIM)

27.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

4

28.     Plaintiff brings this cause pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. sec. 621 et seq.  Jurisdiction also arises pursuant to 29 U.S.C. §626(b), and 28 U.S.C. s 1337 to enforce the provisions of the ADEA.

29.     Pursuant to §14(b) of the ADEA, 29 U.S.C. § 633(b), plaintiff has filed this cause more than 60 days after the filing of a charge of unlawful discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A.

30.      Plaintiff at all times, was a resident within the venue and jurisdiction of this judicial district, and was within the protected age group as provided by the ADEA.

31.     Defendant, at all times pertinent hereto, operated and did business within the venue and jurisdiction of this judicial circuit.

32.     In direct violation of the ADEA, Defendant, by and through its agents and employees, engaged in the discriminatory acts described in the attached Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

33.     As a result of Defendant's discriminatory conduct, as aforesaid, plaintiff has been damaged in her career and has otherwise suffered monetary damage.


**COUNT II – ADEA – WILLFUL VIOLATION**


34.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

35.     Plaintiff complained about, reported and protested against Defendant's unlawful employment practices under the ADEA as alleged herein.

36.     Defendant's discriminatory conduct, as aforesaid, was intentional and or in reckless disregard for Plaintiff's rights under the law and these acts constitute willful indifference to said rights.


## COUNT III – ADEA RETALIATION


37.     Plaintiff realleges and incorporates by reference all preceding paragraphs with the same force and effect as if set forth herein.

38.     Defendant has retaliated against Plaintiff and has denied her opportunities for employment on the basis of her having complained about Age discrimination in violation of the ADEA.

39.     Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this Court grants relief.

## COUNT IV –

## DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 ON THE BASIS OF SEX


40.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

41.     On February 19, 2009, the plaintiff filed a Charge of Discrimination against the defendant pursuant to Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission (EEOC), copy attached as *Exhibit A*.

42.     The Plaintiff was subjected to a hostile, offensive work environment, in that

she was subjected to rude, foul and other discriminatory behavior Mark West.

43.     Defendant failed to respond to Plaintiff's concerns or complaints that she was subjected to a hostile environment because of her gender.

44.     All the foregoing conduct was offensive to the Plaintiff and would be offensive to a reasonable person. The result of the treatment was that Plaintiff was constructively discharged on July 28, 2008.

45.     All the foregoing was so severe, pervasive and offensive that it made the Plaintiff's job nearly impossible and significantly altered the terms and conditions of her employment such that no reasonable person could be expected to endure it.

46.     As a direct and proximate result of the foregoing unlawful employment practices and disregard for the plaintiff's federally protected rights, Plaintiff has suffered embarrassment, humiliation, emotional distress disruption of her personal and professional life, and other forms of damage.

47.     The Defendant's discriminatory conduct exhibits a willful and reckless indifference to the plaintiff s right to be protected from sexual harassment.

## COUNT V
## RETALIATION AND UNLAWFUL CONSTRUCTIVE DISCHARGE IN RETALIATION FOR EXERCISE OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

48.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

49.     Plaintiff complained about, reported and protested against Defendant's unlawful employment practices under Title VII as alleged herein.

50.     Plaintiff complained of Mark West's treatment of her both internally and by filing charges with the EEOC.

51.      In 2008, in retaliation for Plaintiff's complaints, reports and protests of unlawful discrimination, harassment, retaliation and hostile work environment, Defendant unlawfully disciplined the Plaintiff

52.     There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's transfer or discharge from Defendant.

53.      At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Defendant's legitimate business expectations.

54.     The discriminatory actions by Defendant through its management agents and employees are intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

55.     Defendant, by and through its agents, constructively discharged Plaintiff when it knew or should have known that the same were in violation of Title VII of the Civil Rights Act of 1964 and any alleged reasons to the contrary are pretextual.

56.     The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

I.      Acceptance of jurisdiction of this cause;

II.      Declaratory judgment that the employment practices challenged herein are illegal and

in violation of the rights secured to Plaintiff;

III.    A preliminary and permanent injunction against the Defendant and its partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and racial and age discrimination as set forth herein;

IV.    Damages sufficient to compensate Plaintiff for her injuries;

V.    Reinstatement or Front Pay;

VI.    Back Pay, inclusive of lost wages and any benefits;

VII.    Lost Future Earnings including a fully vested pension;

VIII.    Prejudgment and post-judgment interest;

IX.    Punitive damages;

X.    Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

XI.    An award of litigation costs and expenses; and

XII.    Any and all other relief that this Honorable Court may deem just and equitable.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 19, 2010


Respectfully submitted,
Barbara Nichols

By: /s/ Elisabeth Efird
        One of her Attorney

9

Elisabeth Efird (ARDC #6243879)
efird@earthlink.net
Efird & Associates, LLC
4256 N. Ravenswood Avenue
Suite 211
Chicago, IL 60613
773-244-9628
773-404-5794 (fax)